UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24295

INESE BERZINA,

     Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC D/B/A
KIKI ON THE RIVER,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, Inese Berzina, through her undersigned counsel, sues Defendant, 450 North River Drive, LLC d/b/a Kiki on the River, as follows:

1.     Plaintiff, Inese Berzina, filed this lawsuit against her former employer to obtain recourse for how it treated her differently and paid her less (by failing to provide her with the same opportunity to earn tips) because she is a woman/female.

### *Parties, Jurisdiction, and Venue*

2.     **Plaintiff, Inese Berzina ("Ms. Berzina")**, is a resident of Miami-Dade County, Florida, over 18 years old, and *sui juris*.

3.     Ms. Berzina was at all times material a female/woman and a member of a class of persons protected from discrimination in employment under the Equal Pay Act, Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA").

4.     The EEOC issued a Right to Sue to Ms. Berzina on April 5, 2023.

5.     **Defendant, 450 North River Drive, LLC d/b/a Kiki on the River,** is *sui*

1

*juris* Florida limited liability company that conducts its restaurant busInesis in this District.

6.      Defendant was and is responsible for the conduct, acts, and omissions of its officers, managers, supervisory personnel, and employees at all times material to this action.

7.      Defendant selected, hired, trained, promoted, demoted, fired, and controlled all other terms and conditions of Ms. Berzina's employment.

8.      This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter.

9.      This Court has original jurisdiction over Plaintiff's claims that arise under federal law under 28 U.S.C. §1331 and 29 U.S.C. §206(d), and supplemental/pendent jurisdiction over Plaintiff's related Florida state law claims under 28 U.S.C. §1367.

10.     Venue is proper under 28 U.S.C. §1391(b)(ii) because Defendant is a Florida company that maintained a place of busInesis in this District and because most of the actions complained of occurred within this District.

### *Background*

11.     One of the fundamental principles in employment law is that men and women be treated equally and given the same opportunity to earn money and advance their careers.

12.     Federal and Florida codify this requirement that men and women be treated equally and given the same opportunity to earn compensation in the Equal Pay Act, Title VII of the Civil Rights Act, and the Florida Civil Rights Act.

### *Additional Background Facts*

13.     Defendant employed more than 50 people in Miami-Dade County, Florida, at all times relevant to this action.

14.     Defendant hired Ms. Berzina on or about March 2017.

2

15.     Ms. Berzina worked her way up from a server to a captain.

16.     Regardless of sex or gender, the duties and responsibilities of working as a server at Kiki on the River are the same.

17.     Likewise, the duties and responsibilities of working as a captain at Kiki on the River are the same for men and women.

18.     Defendant determines the staffing needed for its restaurant and assigns its staff to work specific shifts, including assigning those responsible for taking care of different sections of its restaurant and what tables are assigned to each section.

19.     In assigning personnel, Defendant distributes a "Floor Plan" that identifies the Managers, the Servers, the Bussers, the Runners, the Barbacks, and the Bartenders assigned to each section.

20.     The most desirable sections at Defendant's restaurant are tables 81 through 88, 91 through 100, and 300 through 306.

21.     Defendant's employees benefit by being assigned to tables 81 through 88, 91 through 100, and 300 through 306 because those tables are located at the outside portion of the restaurant, spend more money during the most desirable shifts, are charged more in service charges, and traditionally leave more money in tips/overtips.

22.     Patrons at Kiki on the River must pay a mandatory service charge in addition to the cost of their food and beverage, and the service charge is a percentage of the total bill – the bigger the bill the bigger the service charge.

23.     After Defendant collects the service charge, it divides the service charge and distributes portions of the service charge it collects to those assigned to the table who paid it.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

24.     Patrons at Kiki on the River also can leave a discretionary tip (overtime) in addition to the mandatory service charge.

25.     Like the mandatory service charge, the tips that patrons leave at Kiki on the River are relative to the total bill. Put another way, the more that someone spends on their bill, the more likely they are to leave a tip, and the more that tip is likely to be.

26.     Defendant did not provide an equal opportunity for its female servers and captains like Ms. Berzina to earn, as it did not assign females to work as servers or captains to tables 81 through 88, 91 through 100, and 300 through 306 during the desirable shifts in the same proportion that it assigned to those tables to its male servers and captains.

27.     Defendant also paid its female servers and captains like Ms. Berzina less than its male servers and captains by not paying them as much in service charges by not assiging them to tables 81 through 88, 91 through 100, and 300 through 306 during the desirable shifts in the same proportion that it assigned men to those tables.

28.     All conditions precedent were performed by Ms. Berzina, occurred, or were waived by the Defendant, including through her dual filing her Charge of Discrimination with the EEOC and the FCHR. More than 180 days have elapsed since the filing of Plaintiff's Charge of Discrimination.

29.     Ms. Berzina agreed to pay her counsel a reasonable attorney's fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT I – SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Plaintiff, Inese Berzina, reincorporates and realleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

30.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e, *et seq.*, by not paying Ms. Berzina as much as its male servers and captains and by not providing her with the same opportunity to earn as much in tips as its male servers and captains based on her sex/gender – female.

31.     Defendant was at all times material the "employer" of Ms. Berzina, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

32.     Ms. Berzina was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

33.     Title VII of the Civil Rights Act provides as follows:

**(a) Employer practices**

It shall be an unlawful employment practice for an employer—

> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

34.     Ms. Berzina possessed the skills, background, and qualifications necessary to perform the duties of her position as server and captain for tables inside and outside.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

35.     Ms. Berzina performed her work for Defendant satisfactorily and was, in all respects, a good employee.

36.     Defendant discriminated against Ms. Berzina and its other females by not paying them as much as its male servers and captains (through service charges) and by not providing her the same opportunity to earn additional income through tips/overtips as her similarly situated male servers and captains.

37.     Ms. Berzina's sex/gender was a substantial or motivating factor in why Defendant treated her differently.

38.     The acts of sex discrimination complained of herein were not on account of any bona fide seniority, merit or incentive system, or any factor other than sex, but was because of gender.

39.     Although Defendant knew or reasonably should have known of the pay disparity through its payroll practices, it failed to take appropriate corrective action to ensure she received the same opportunity to earn service charges and tips as its male servers and captains.

40.     The aforementioned actions deprived or tended to deprive her of wages and opportunities to earn wages and tips and constituted discrimination based on Ms. Berzina's sex in violation of Title VII.

41.     Defendant's actions affected Ms. Berzina in the "compensation, terms, conditions and privileges of employment" as envisioned by 42 U.S.C. §2000e-1(a)(1).

42.     Defendant's management and/or upper management were aware that gender discrimination is against the law and of the gender discrimination against Ms. Berzina and allowed it or ratified it.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

43.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Berzina has suffered and will continue to suffer financial and economic damages in the form of lost wages (service charges) and tips. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

44.     Ms. Berzina, demands recovery of her economic damages, including lost wages, back pay, tips/overtips, all interest allowed by law, the value and/or economic impact of lost benefits, emotional distress and mental anguish, and all compensatory damages.

45.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Berzina's rights under Title VII, warranting the imposition of punitive damages.

46.     Ms. Berzina further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Inese Berzina, demands the entry of a judgment in her favor and against Defendant, 450 North River Drive, LLC d/b/a Kiki on the River, after a trial by jury, declaring that Defendant violated Title VII of the Civil Rights Act, awarding her compensatory damages, including the loss of income in the past, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of sex, all interest allowed by law, and awarding her taxable costs and attorneys' fees.

## COUNT II – PAY DISPARITY
## IN VIOLATION OF THE EQUAL PAY ACT

Plaintiff, Inese Berzina, reincorporates and realleges paragraphs 1 through 29 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

47.     Defendant regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

48.     Defendant has been, during the past three years, an enterprise engaged in interstate commerce through its marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, beverages, coffees, teas, alcoholic beverages, and products that have moved through interstate commerce.

49.     Defendant cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods, and materials that also have moved through interstate commerce.

50.     Furthermore, Defendant regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

51.     Defendants' annual gross revenues derived from this interstate commerce have exceed $1,000,000.00 for the relevant time and/or $250,000.00 for each fiscal quarter in which Plaintiff worked.

52.     Ms. Berzina's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to her work for Defendant in the course of her handling and serving liquor, beer, mixers, and beverages that traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, and electronic transmissions that also regularly and

8

routinely traveled through interstate commerce.

53.     Ms. Berzina regularly, recurrently, and routinely processed credit card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce before selling them.

54.     Defendant engaged in unlawful employment practices prohibited by 29 U.S.C. §206(d) by not paying Ms. Berzina as much as its male servers and captains (in service charges) and by not providing her with the same opportunity to earn as much in tips as its male servers and captains because of her sex/gender – female.

55.     The Equal Pay Act, 29 U.S.C. §206(d)(1), specifically provides as follows in regard to requiring that employees shall not be discriminated in their pay based on their sex:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

56.     Defendant was Ms. Berzina's "employer" as the term is defined by 29 U.S.C. §203(d).

57.     Ms. Berzina was Defendant's "employee" at Kiki on the River.

58.     Ms. Berzina possessed the skills, background, and qualifications necessary to perform the duties of her position as a server and a captain for tables inside and outside.

59.     Ms. Berzina performed her work for Defendant satisfactorily and was, in all

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

respects, a good employee.

60.     Defendant discriminated against Ms. Berzina by not paying her as much as its male servers and captains and by not providing her the same opportunity to earn additional income through tips/overtips as her similarly situated male servers and captains at Defendant's restaurant.

61.     Ms. Berzina's sex/gender was a substantial or motivating factor in why Defendant treated her differently.

62.     The pay disparity complained of herein was not on account of any bona fide seniority, merit or incentive system, or any factor other than sex but was because of gender.

63.     Although Defendant knew or reasonably should have known of the pay disparity through its payroll practices, it failed to take appropriate corrective action to ensure she received the same opportunity to earn service charges and tips as its male servers and captains.

64.     The aforementioned actions deprived or tended to deprive her of wages and opportunities to earn wages and tips and constituted discrimination based on Ms. Berzina's sex in violation of Equal Pay Act.

65.     Defendant's management and/or upper management were aware that gender discrimination is against the law and of the gender discrimination against Ms. Berzina but allowed or ratified it.

66.     As a direct and proximate result of Defendant's intentional discriminatory conduct violating the Equal Pay Act, Ms. Berzina has suffered financial and economic damages in the form of lost wages (service charges) and lost opportunity to earn tips/overtips.

67.     The records in Defendant's possession, custody, and/or control reflect that its male captains and servers earned more in tips by working at the outside tables during the desirable shifts

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

than its female servers and captains earned through working the inside tables during the same shifts.

68.     Plaintiff, Inese Berzina, demands recovery of her economic damages, including lost wages, back pay, and tips/overtips that she should have earned had she been treated equally, all interest allowed by law, the value and/or economic impact of lost benefits, and all compensatory damages.

69.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Berzina's rights under the Equal Pay Act, warranting the application of a three-year statute of limitations to Ms. Berzina's claims.

70.     Defendant either knew from prior experience or recklessly failed to investigate whether its failure to assign Ms. Berzina and its other female employees to work as servers and captains for tables 81 through 88, 91 through 100, and 300 through 306 during the desirable shifts in the same proportion that it assigned men to those tables and thereby allow them to earn more in services charges and tips/overtips violated the Equal Pay Act.

71.     Ms. Berzina further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Inese Berzina, demands the entry of a judgment in her favor and against Defendant, 450 North River Drive, LLC d/b/a Kiki on the River, after a trial by jury, declaring that Defendant violated the Equal Pay Act, awarding her compensatory damages, including the loss of income in the past and tips, liquidated damages equal to her compensatory lost wage damages, all interest allowed by law, and awarding her taxable costs and attorneys' fees.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT III – SEXUAL DISCRIMINATION
## <u>IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT</u>

Plaintiff, Inese Berzina, reincorporates and realleges paragraphs 1 through 29 as though set forth fully herein and further alleges as follows:

72.     The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's sex or gender.

73.     The FCRA, Fla. Stat. §760.10 (7), states in pertinent part as follows:

It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

74.     Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

75.     The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon sex/gender consideration.

76.     The FCRA allows a prevailing employee to obtain an order prohibiting the Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

77.     Ms. Berzina possessed the skills, background, and qualifications necessary to

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

perform the duties of her position as a server and a captain for tables inside and outside.

78.     Ms. Berzina performed her work for Defendant satisfactorily and was, in all respects, a good employee.

79.     Defendant discriminated against Ms. Berzina by not paying her as much as its male servers and captains in wages (service charges) and by not providing her the same opportunity to earn additional income in the form of tips/overtips as her similarly situated male servers and captains.

80.     Ms. Berzina's sex/gender was a substantial or motivating factor in why Defendant treated her differently.

81.     The acts of sex discrimination complained of herein were not on account of any bona fide seniority, merit or incentive system, or any factor other than sex, but was because of her sex/gender.

82.     Although Defendant knew or reasonably should have known of the pay disparity through its payroll practices, it failed to take appropriate corrective action to ensure she received the same opportunity to earn service charges and tips as its male servers and captains.

83.     The aforementioned actions deprived or tended to deprive her of wages and opportunities to earn wages and tips and constituted discrimination based on Ms. Berzina's sex in violation of the FCRA.

84.     Defendant's management and/or upper management knew that gender discrimination is against the law and of the gender discrimination against Ms. Berzina and allowed it or ratified it.

85.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the FCRA, Ms. Berzina has suffered and will continue to suffer financial and

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

economic damages in the form of lost wages (service charges) and tips. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

86.     Ms. Berzina, demands recovery of her economic damages, including lost wages, back pay, tips/overtips, all interest allowed by law, the value and/or economic impact of lost benefits, emotional distress and mental anguish, and all compensatory damages.

87.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the FCRA, Ms. Berzina has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

88.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Berzina's rights under the FCRA, warranting the imposition of punitive damages.

89.     Ms. Berzina further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Inese Berzina, demands the entry of a judgment in her favor and against Defendant, 450 North River Drive, LLC d/b/a Kiki on the River, after a trial by jury, declaring that Defendant violated the Florida Civil Rights Act, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in discriminatory employment practices on the basis of sex, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorneys' fees.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Inese Berzina, demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of November 2023.

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*