UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-24295-JEM

INESE BERZINA,

       Plaintiff,

vs.

450 North River Drive, LLC, d/b/a
KIKI ON THE RIVER,

       Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION TO STAY PROCEEDINGS AND TO COMPEL BINDING ARBITRATION

Defendant, 450 North River, Drive, LLC, d/b/a Kiki on the River ("Defendant" or "Kiki"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), hereby files this *Defendant's Unopposed Motion to Stay Proceedings and to Compel Binding Arbitration*, and as grounds states as follows:

### JURISDICTIONAL ALLEGATIONS

Plaintiff, Inese Berzina ("Plaintiff"), filed this action against Defendant alleging violations of the Equal Pay Act, Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA"). Therefore, this Court has subject matter jurisdiction of this matter pursuant to the provisions of 28 U.S.C. § 1331.

## PLAINTIFF AGREED TO ARBITRATION OF ALL CLAIMS ARISING OUT OF HER EMPLOYMENT WITH KIKI

1.      Plaintiff signed Defendant's Mutual Arbitration Agreement on March 24, 2019, in connection with her continued employment.  *See* Kiki's Signed Arbitration Agreement dated March 24, 2019, attached hereto as "Exhibit A."

2.      The Arbitration Agreement signed by Plaintiff states, in relevant part:

> In consideration of the at-will employment relationship between Kiki Management Team, Inc., ("Employer") and ("Employee") and the mutual desire of the parties to enter into this Mutual Agreement to Arbitrate Claims ("Agreement"), the parties hereby agree as follows.
>
> Scope of Arbitration: Employer is engaged in interstate commerce. Accordingly, Employee and Employer mutually agree that any and all claims, controversies, or disputes between Employee and Employer (including any of the Employer's related entities, employees, officers, owners, or agents), that arise out of or relate to Employee's employment with, recruitment to, investment in, or termination from Employer, shall be resolved exclusively through final and binding private arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("FAA"). This shall include any claim, controversy, or dispute of any kind that may arise relating to Employee's employment, including, without limitation, . . . any statutory claims relating to employment, including but not limited to claims arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, . . . [and] the Florida Civil Rights Act.

*See id.* at ¶ 1.

3.      The Arbitration Agreement also provides the procedure to arbitrate claims. Specifically, it states that "the parties agree that arbitration shall be conducted before one neutral arbitrator selected by the parties and shall be conducted under the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") then in effect. *Id.* at ¶ 2.

4.      Pursuant to the Arbitration Agreement, Defendant made demand on Plaintiff to submit the controversy to arbitration as provided in the Agreement. Plaintiff has agreed and consented to submit this controversy to arbitration.

## ARGUMENT AND SUPPORTING MEMORANDUM OF LAW

### I.      The Federal Arbitration Act

The validity of an arbitration agreement is generally governed by the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* (the "FAA").  The FAA, and well-established common law interpreting the FAA, strongly favor the enforcement of agreements to arbitrate.  Section 2 of the FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. Section 4 of the FAA, in turn, directs that:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed . . ..  [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall make an order directing the parties to proceed to arbitration.

9 U.S.C. § 4.

The Supreme Court repeatedly has stated that the FAA represents "'a liberal federal policy favoring arbitration agreements.'"  *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (*quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Moreover, the FAA "requires courts to enforce agreements to arbitrate according to their terms . . . even when the claims at issue are federal statutory claims, unless the FAA's mandate has been 'overridden by a contrary congressional command.'"  *Id.* (*quoting Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).

It is well settled that agreements to arbitrate claims in the employment context are valid and enforceable.  *See, e.g., Lambert v. Austin Ind.*, 544 F.3d 1192, 1199 (11th Cir. 2008) (reversing district court's denial of motion to compel arbitration based on agreement to arbitrate employment-related disputes); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context.  Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts.") (citations omitted).

A litigant may not refuse to arbitrate a dispute within the scope of a valid argument to arbitrate.  Indeed, in such circumstances, a judicial order compelling arbitration is mandatory because "[t]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that the district court ***shall*** direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.,* 470 U.S. 213, 218 (1985) (emphasis in original).  Further, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000).

In this case, Plaintiff agreed to stay this case and file her claims in arbitration in accordance with the Arbitration Agreement.  Therefore, Defendant respectfully requests that this Court enter an order directing the parties to proceed to binding arbitration in the manner provided for in the written Arbitration Agreement attached to and incorporated by reference in *Defendant's Unopposed Motion to Stay Proceedings and to Compel Binding Arbitration* and staying this action pending the outcome of that arbitration.

CASE NO. 1:23-CV-24295-JEM

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned counsel certifies he conferred with Plaintiff's counsel on January 11, 2024, in a good-faith effort to resolve by agreement the issues raised in this Motion.  Plaintiff's counsel has advised that Plaintiff agrees with the relief sought herein.

Dated:  January 15, 2024

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600
Facsimile:    305-373-4466

*s/ Reynaldo Velazquez*
Reynaldo Velazquez, Esq.
Florida Bar No. 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email:  *roman.sarangoulis@jacksonlewis.com*
*Counsel for 450 North River Drive, LLC,*
*d/b/a Kiki on the River*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January 2024, the foregoing document is being served on all counsel of record identified on the attached Service List via electronic mail.

*s/ Roman Sarangoulis*
Roman Sarangoulis, Esq.

5

CASE NO. 1:23-CV-24295-JEM

## <u>SERVICE LIST</u>

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.:  069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466

*Counsel for 450 North River Drive, LLC,
d/b/a Kiki on the River*

4873-5268-7001, v. 1

6