UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-24295-JEM

INESE BERZINA,

    Plaintiff,

vs.

450 NORTH RIVER DRIVE, LLC,
d/b/a KIKI ON THE RIVER,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO THE COMPLAINT

Defendant, 450 North River, Drive, LLC, d/b/a Kiki on the River ("Defendant"), by and through undersigned counsel, hereby files its answer and defenses to Plaintiff, Inese Berzina's ("Plaintiff" or "Berzina") Complaint, and states as follows:

1. Defendant admits that Plaintiff purports to file her Complaint for the reasons alleged, but denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

### Parties, Jurisdiction, and Venue

2. Defendant admits that Plaintiff is over the age of 18. Defendant is without sufficient knowledge as to the remaining allegations in Paragraph 2 of the Complaint; therefore, those allegations are denied.

3. Defendant admits that Plaintiff is a female/woman as alleged in Paragraph 3 of the Complaint. Defendant states that the remaining allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 3 to the extent they suggest Defendant acted unlawfully.

4. Defendant avers that the "Right to Sue" notice speaks for itself; therefore, no response to Paragraph 4 is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5. Defendant admits the allegation contained in Paragraph 5 to the extent it refers to Kiki's business but denies the allegation to the extent it suggests Defendant runs "businesses" in the District.

6. Defendant states that the allegations in Paragraph 6 are legal conclusions to which not response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7 pertaining to hiring, training, promoting, and controlling Plaintiff's terms and conditions of employment. Defendant is without sufficient knowledge as to the reference to "selected" in Paragraph 2 of the Complaint; therefore, that allegation is denied. Defendant denies the remaining allegations contained in Paragraph 7.

8. Defendant avers that Plaintiff proports to allege this is an action for damages in the amount alleged, but it denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 for jurisdictional purposes only but denies that it acted unlawfully with respect to Plaintiff and that Plaintiff is entitled to any of the relief requested in the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 for venue purposes only but denies that it acted unlawfully with respect to Plaintiff and that Plaintiff is entitled to any of the relief requested in the Complaint.

Case No. 1:23-CV-24295-JEM

## Background

11.     Defendant states that the allegations in Paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 11 to the extent they suggest Defendant acted unlawfully and it is not clear what Plaintiff means by "fundamental principles."

12.     Defendant states that the allegations in Paragraph 12 are legal conclusions to which not response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 12 to the extent they suggest Defendant acted unlawfully.

## Additional Background Facts

13.     Defendant admits the allegations contained in Paragraph 13.

14.     Defendant denies Plaintiff was hired on or about March 2017.

15.     Defendant admits it promoted Plaintiff from a server and to a captain during her employment but denies the allegations in Paragraph 15 as it relates to the reference to "worked her way up" because it is not clear what Plaintiff means.

16.     Defendant admits the allegations contained in Paragraph 16.

17.     Defendant admits the allegations contained in Paragraph 17.

18.     Defendant admits the allegations contained in Paragraph 18.

19.     Defendant admits the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant admits the allegations contained in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint to the extent Plaintiff mischaracterizes how the service charge is distributed.

Case No. 1:23-CV-24295-JEM

24. Defendant admits patrons may leave discretionary tips as alleged in Paragraph 24 of the Complaint but denies the allegations in Paragraph 24 as it relates to the reference to "overtime" because it is not clear what Plaintiff means.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant is without sufficient knowledge as to the allegations in Paragraph 29 of the Complaint; therefore, those allegations are denied.

**Count I: Alleged Sex Discrimination - Title VII of the Civil Rights Act**

Defendant re-alleges and incorporates herein all responses contained in paragraphs 1 through 29 as if fully stated herein.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant states that the allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31 to the extent they suggest Defendant violated Title VII of the Civil Rights Act (Title VII).

32. Defendant states that the allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32 to the extent they suggest Defendant violated Title VII.

33. Defendant avers that 42 U.S.C. § 2000e-2 speaks for itself; therefore, no response to Paragraph 33 is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 to the extent they suggest Defendant violated Title VII.

34. Defendant admits the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant admits the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant admits that Plaintiff is attempting to recover damages in connection with this lawsuit, but denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant admits that Plaintiff is attempting to recover attorneys' fees and costs in connection with this lawsuit, but denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph following Paragraph 46 of the Complaint.

## Count II: Alleged Pay Disparity - Equal Pay Act

Defendant re-alleges and incorporates herein all responses contained in paragraphs 1 through 29 as if fully stated herein.

47. Defendant admits that it employed two or more employees. The remaining allegations in Paragraph 47 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47 to the extent they suggest Defendant violated the Equal Pay Act.

48. Defendant states that the allegations in Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48 to the extent they suggest Defendant violated the Equal Pay Act.

49. Defendants admit that Kiki cooked, prepared, and stored perishables and alcoholic beverages using machinery, appliances, and refrigeration. The remaining allegations in Paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49 to the extent they suggest Defendant violated the Equal Pay Act.

50. Defendant states that the allegations in Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50 to the extent they suggest Defendant violated the Equal Pay Act.

51. Defendant admits the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant states that the allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52 to the extent they suggest Defendant violated the Equal Pay Act.

53. Defendant states that the allegations in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 to the extent they suggest Defendant violated the Equal Pay Act.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant avers that the Equal Pay Act, 29 U.S.C. §206(d)(1) speaks for itself; therefore, no response to Paragraph 55 is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 55 to the extent they suggest Defendant violated the Equal Pay Act.

56. Defendant states that the allegations in Paragraph 56 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 56 to the extent they suggest Defendant violated the Equal Pay Act.

57. Defendant states that the allegations in Paragraph 57 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 57 to the extent they suggest Defendant violated the Equal Pay Act.

58. Defendant admits the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant admits the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant admits that Plaintiff is attempting to recover damages in connection with this lawsuit, but it denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71. Defendant admits that Plaintiff is attempting to recover attorneys' fees and costs in connection with this lawsuit, but it denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph following Paragraph 71 of the Complaint.

### Count III: Alleged Sexual Discrimination - Florida Civil Rights Act

Defendant re-alleges and incorporates herein all responses contained in paragraphs 1 through 29 as if fully stated herein.

72. The allegations in Paragraph 72 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72 to the extent they suggest Defendant violated the Florida Civil Rights Act (FCRA).

73. Defendant avers that the FCRA speaks for itself; therefore, no response to Paragraph 73 is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73 to the extent they suggest Defendant violated the FCRA.

74. The allegations in Paragraph 74 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74 to the extent they suggest Defendant violated the FCRA.

75. The allegations in Paragraph 75 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 to the extent they suggest Defendant violated the FCRA.

76. The allegations in Paragraph 76 call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 76 to the extent they suggest Defendant violated the FCRA.

77. Defendant admits the allegations set forth in Paragraph 77 of the Complaint.

78. Defendant admits the allegations set forth in Paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of the Complaint.

81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82. Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86. Defendant admits that Plaintiff is attempting to recover damages in connection with this lawsuit, but it denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

87. Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88. Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89. Defendant admits that Plaintiff is attempting to recover attorneys' fees and costs in connection with this lawsuit, but it denies all allegations of unlawful conduct and that Plaintiff is entitled to any of the relief requested in the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph following Paragraph 89 of the Complaint.

Case No. 1:23-CV-24295-JEM

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff demands a trial by jury but denies the existence of any triable issues in this matter.

## GENERAL DENIAL

Defendant further denies each and every allegation in the Complaint that has not been expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct defenses to the Complaint, Defendant asserts the following:

## FIRST DEFENSE

Plaintiff's damages, if any, must be reduced, in whole or in part, because Plaintiff failed to take reasonable steps to mitigate her damages.

## SECOND DEFENSE

Plaintiff's discrimination claims fail and/or her recovery of damages is limited because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory conduct, and/or Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to otherwise avoid harm.

## THIRD DEFENSE

Defendant has made good-faith efforts to prevent discrimination, and thus, cannot be liable for the decisions of its agents, or for punitive damages, to the extent the challenged employment decision was contrary to its efforts to comply with anti-discrimination statutes.

## FOURTH DEFENSE

Plaintiff's interim earnings, or amounts she could have earned with reasonable diligence, should reduce any back pay otherwise recoverable by Plaintiff. In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

**FIFTH DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, by Plaintiff's own conduct and/or unclean hands. Any damages Plaintiff allegedly suffered resulted from Plaintiff's own actions, including her refusal to comply with Defendant's reasonable work rules, employment directives, and/or opportunities to work.

**SIXTH DEFENSE**

At all relevant times, Defendant acted in good faith, without malice or intent to harm, interfere, retaliate or discriminate against, or harass Plaintiff, and Defendant had reasonable grounds to believe its actions were not unlawful.

**SEVENTH DEFENSE**

Plaintiff's damages, if any, should be reduced by any benefits Plaintiff received from collateral sources or other off-sets or recoupments.

**EIGHTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Defendant to the extent Plaintiff has failed to allege each and every element of each of her claims or failed to provide legally sufficient factual details to support her conclusory allegations.

**NINTH DEFENSE**

Defendant asserts that it is not liable for any alleged wrongful action taken by employees of Defendant which were taken outside the course and scope of their duties, and which were not authorized, condoned, or ratified by Defendant.

**TENTH DEFENSE**

To the extent that any part of Plaintiff's claims is based on any action or omission that occurred outside of the applicable statute of limitations, those claims are barred, in whole or in part, by the applicable limitation periods.

**ELEVENTH DEFENSE**

Defendant asserts that Plaintiff lacks standing to request equitable relief because Plaintiff did not suffer an injury in fact proximately caused by any act of Defendant. Further, any injury caused to Plaintiff was due in whole or in part to Plaintiff's own action, inaction, and/or negligence or acts of third parties.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover punitive or liquidated damages in this action against Defendant because Defendant did not intentionally engage in any discriminatory practices against Plaintiff with malice or with reckless indifference to Plaintiff's protected rights.

**THIRTEENTH DEFENSE**

Plaintiff's damages are barred or limited to the extent that they cannot exceed the difference in wages that Plaintiff earned in comparison to the opposite sex.

**FOURTEENTH DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, because all employment-related decisions made with respect to Plaintiff were made, and would have been taken in any case, for legitimate, non-discriminatory reasons.

**FIFTEENTH DEFENSE**

Any actions taken by Defendant with respect to Plaintiff, including the assignment of tables and shifts, were predicated on grounds other than Plaintiff's alleged sex.

**SIXTEENTH DEFENSE**

To the extent Plaintiff claims she suffers any symptoms of mental and/or emotional distress, injury, or any other non-pecuniary losses, they are the result of preexisting psychological

disorders and/or alternative concurring causes, and not the result of any act or omission by Defendant.

**SEVENTEENTH DEFENSE**

Defendant's employment related decisions pertaining to Plaintiff, including the assignment of stations, tables, and shifts, were based solely on legitimate non-discriminatory business reasons that did not involve her gender.

**EIGHTTEENTH DEFENSE**

In the event that the court or a jury finds that an improper motive was present as the basis for any employment decision at issue, Defendant would have arrived at the same decision and taken the same actions against Plaintiff in the absence of Plaintiff's gender.

**NINETEENTH DEFENSE**

Plaintiff's discrimination claims are barred on the grounds that, even if any decision concerning Plaintiff was based in part on improper motives, which they were not, the same decision would have been reached absent any consideration of Plaintiff's gender.

**TWENTIETH DEFENSE**

Plaintiff is not entitled to liquidated damages because Defendant's acts/omissions were done in good faith and Defendant had reasonable grounds for believing that any act or omission was not in violation of the Equal Pay Act.

**TWENTY-FIRST DEFENSE**

Plaintiff and Defendant are parties to an enforceable arbitration agreement and Plaintiff has agreed to stay this action and pursue her claims in arbitration.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Defendant reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint and having raised defenses thereto, Defendant respectfully requests that this Court: (i) enter judgment in its favor and against Plaintiff; (ii) award Defendant the cost of suit herein; (iii) award Defendant reasonable attorneys' fees as may be determined by the Court; and (iv) grant such further relief as the Court deems just and proper.

Dated:  January 16, 2024

> Respectfully submitted,
>
> JACKSON LEWIS P.C.
> One Biscayne Tower, Suite 3500
> Two South Biscayne Boulevard
> Miami, Florida 33131
> Telephone: (305) 577-7600
>
> */s/ Reynaldo Velazquez*
> Reynaldo Velazquez, Esq.
> Florida Bar No.: 069779
> Email*: rey.velazquez@jacksonlewis.com*
> Roman Sarangoulis, Esq.
> Florida Bar No. 1011944
> Email: *roman.sarangoulis@jacksonlewis.com*
>
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on January 16, 2024, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF

> *s/ Reynaldo Velazquez*
> Reynaldo Velazquez, Esq.

**SERVICE LIST**

Brian Pollock, Esq.
Florida Bar No. 174742
Email: *brian@fairlawattorney.com*
FAIRLAW FIRM
135 San Lorenzo Ave.
Coral Gables, Florida 33146
Telephone: (305) 230-4884

*Attorneys for Plaintiff*

Reynaldo Velazquez, Esq.
Florida Bar No.: 069779
Email: *rey.velazquez@jacksonlewis.com*
Roman Sarangoulis, Esq.
Florida Bar No. 1011944
Email: *roman.sarangoulis@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*